IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROMERO R. GARNER, SR., | ) CASE NO. 1:16 CV 182 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| SWAGELOK COMPANY, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Defendant. | ) |

## Introduction

Before me by referral[1] in this matter of Romero R. Garner, Sr.'s *pro se* action against Swagelok Company alleging employment discrimination[2] are motions by Swagelok to dismiss the Second Amended Complaint,[3] for summary judgment,[4] and to strike what is essentially Garner's *sur reply* to Swagelok's summary judgment motion,[5] to which Garner has filed an opposition.[6] Garner has not responded to Swagelok's motion to dismiss or to the motion for summary judgment, but has instead sought leave to amend the Second Amended

---

[1] ECF # 8.

[2] ECF # 27 (Second Amended Complaint).

[3] ECF # 28.

[4] ECF # 32.

[5] ECF # 39.

[6] ECF # 40.

Complaint,[7] to which Swagelok has responded in opposition.[8] Garner has also filed a motion to extend discovery,[9] to which Swagelok has responded in opposition.[10]

For the reasons that follow, I will recommend granting Swagelok's motion to dismiss, and further recommend denying Garner's motion to extend discovery as moot, and his motion to amend his complaint a second time as without merit.

## Facts

As set out by Garner in his Second Amended Complaint, he contends that in January 2015, or the year prior to his termination from Swagelok, he was frequently visited by a new supervisor who asked him if "he was doing his job" because he would "hate to have to write up [Garner] for 'Not Following Standard Work.'"[11] He asserts that in February 2015 he was placed in the Associate Improvement Plan (AIP) for 60 days, during which period he states that he was "harassed" by the production supervisor.[12] At the end of March, which Garner

---

[7] ECF # 33.

[8] ECF # 35.

[9] ECF # 29.

[10] ECF # 30.

[11] ECF # 27 at 1.

[12] *Id*. at 1-2.

asserts was prior to the culmination of the 60 day period when Garner was in the AIP,[13] he was terminated.[14]

Garner filed a complaint with the Ohio Department of Jobs and Family Services, which agency determined that he had been fired "for running 2,300 bad parts and not following Standard Work."[15] Garner concedes that 2,300 bad parts had "slipped past him," but argues that "this is frequent in the machining industry" and that his supervisors also missed the bad parts.[16]

Garner alleges that "he was racially discriminated against" and that this was why he was terminated.[17] In support of these allegations, he cites that:

(1) he was called into the Human Resource office in 2014 to discuss complaints by other employees concerning the safety of their cars;

(2) he was called a second time with a complaint that his car was causing excessive noise;

(3) he was questioned because there was "too much traffic at his machine during the day and he was doing handshakes that appeared to be transactions for drugs," and again with concerns that his hair was "not properly places" and was "too long" for a machine shop.[18]

---

[13] *Id*. at 3.

[14] *Id*. at 2.

[15] *Id*.

[16] *Id*.

[17] *Id*. at 3.

[18] *Id*.

As regards these last points, Garner contends that he was told that the visits to Human Resources were "because you are a young black man [and so] people are going to have a perception about you, such as what type of car you drive, the way you walk and talk, the fact that you have long dreadlocks and only speak to a handful of people."[19]

Garner concludes by alleging that as a consequence of being terminated by Swagelok he has "suffered a series of life changes as a result."[20] Among these, he maintains that he fell behind on his bills, began to have suicidal thoughts, was incarcerated and his drivers's license suspended for driving while intoxicated and has been without medical insurance.[21] He seeks compensatory and punitive damages, as well as "any other damages" that may be awarded for "his pain and suffering."[22]

**A.    Standard of review**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Association of Cleveland Fire Fighters v. Cleveland*[23] as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

---

[19] *Id*.

[20] *Id*. at 4.

[21] *Id*.

[22] *Id*.

[23] *Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir.2007).

the elements of a cause of action will not do." *Id.* at 1964–65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.[24]

Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[25]

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.[26] This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.[27] Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.[28]

---

[24] *Id.* at 548.

[25] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

[26] *Columbia Natural Ress. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993)).

[27] *Id.*

[28] *Id.*

Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."[29]

In addition to the above, it must be noted that although courts afford a measure of leniency to the pleadings of a *pro se* litigant,[30] such a litigant must still show sufficient facts on the face of the complaint to allow a court to draw the inference that the defendant is responsible for the alleged misconduct.[31]"[P]ro se plaintiffs are not automatically allowed to take every case to trial."[32]

**Analysis**

I note first, as does Swagelok, that Garner has not alleged any basis for jurisdiction over his claim, although an employment discrimination action based on race would be brought under Title VII of the Civil Rights Act. Viewing the pleading most liberally as arising on that basis, and noting further that in such cases, in order to establish a prima facie case of employment discrimination, a plaintiff must show:

(1) he is a member of a protected class;

(2) he was qualified for the job;

(3) he suffered an adverse employment decision; and

---

[29] *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir.1988) (quotations and emphasis omitted).

[30] *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(citations omitted).

[31] *Gunther v. Castineta,* 561 Fed. Appx. 497, 499 (6th Cir. 2014)(citing *Iqbal*, 556 U.S. at 678).

[32] *Pilgrim v. Litchfield,* 92 F.3d 413, 416 (6th Cir. 1996).

(4) he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.[33]

Here, Garner has only alleged that he suffered an adverse employment decision and, by inference, that he is African-American. He not only fails to allege facts showing that he was qualified for his position, but admits that he was fired for "running bad parts" and for not performing standard work, even acknowledging that he was essentially on probation at the time he was fired. More importantly, he has alleged nothing that would permit even the inference to be drawn that any non-protected similarly situated employees were treated differently.

Thus, I recommend that this Court grant Swagelok's motion to dismiss Garner's Second Amended Complaint as failing to state grounds on which relief may be granted.

It is further noted that Swagelok in its brief considers whether Garner's Second Amended Complaint attempts to raise a state law claim of intentional infliction of emotional distress in its recitation of the various "life consequences" alleged to have followed Garner's dismissal from Swagelok.[34] Without here submitting a recommendation as to whether Garner has sufficiently stated a claim for relief on that basis, I recommend that if the Title VII federal discrimination claim is dismissed for the reason stated, that this Court decline to accept jurisdiction over any remaining state law claim.

---

[33] *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008).

[34] ECF # 28 at 6-7.

*1.     Motion to amend the complaint*

As noted, Garner did not directly oppose Swagelok's motion to dismiss but instead sought leave to amend his complaint a third time. Swagelok opposes the motion.

In considering a motion for leave to amend the pleadings, courts consider the factors of:

(1) undue delay;

(2) bad faith, or dilatory motive on the part of the movant;

(3) repeated failure to cure deficiencies by amendments previously granted;

(4) undue prejudice to the non-moving party; and

(5) the futility of the proposed amendment.[35]

Here, Garner has not submitted a proposed amended complaint, but simply stated in the one-page motion to amend that he seeks leave for the purpose of including an additional charge of wrongful termination that "presents the same claims and underlying facts as the original complaint."[36]

In *Grippi v. City of Ashtabula*,[37] Judge Boyko denied a motion to amend as futile where the proposed amendment "fail[ed] to allege sufficient plausible facts supporting Plaintiff's claims of intentional discrimination based on age or disability," because the single

---

[35] *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 458 (6th Cir. 2013).

[36] ECF # 33 at 1.

[37] *Grippi v. City of Ashtabula*, No. 1:12 CV 00072, 2012 WL 3239301 (N.D. Ohio Aug. 7, 2012).

-8-

sentence of that claim was "stated in conclusory fashion" and failed to connect the claim with "plausible, factual allegations" describing any impermissible conduct by the defendants.[38] Likewise, the single sentence description of the allegedly new claim offered by Garner does not allege any plausible, factual descriptions of any impermissible conduct by Swagelok. As such, the proposed amendment would be futile and not cure any of the recognized deficiencies in the complaint.

Moreover, with Garner already having amended his complaint once, and Swagelok having moved to dismiss that complaint or for summary judgment, it cannot be said that amending the complaint yet again would not prejudice Swagelok.

After consideration of the relevant factors set forth above, Garner's motion to amend[39] is denied.

## Conclusion

For the reasons stated, Garner's motion to amend is denied on the merits and I recommend that Swagelok's motion to dismiss be granted. All other motions are denied as moot.


Dated: September 15, 2017                     s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[38] *Id*. at * 5.

[39] ECF # 33.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[40]

---

[40] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).